UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN BARRETO and ANA BARRETO, | |
| Plaintiffs, | Civil Action No.: 2:22-cv-5127 |
| v. | **COMPLAINT** |
| SOUTH SHORE NISSAN LLC and NISSAN MOTOR ACCEPTANCE COMPANY LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## STATEMENT OF CLAIM

Plaintiffs, Kevin Barreto ("Mr. Barreto") and Ana Barreto ("Mrs. Barreto" and together with Mr. Barreto, the "Barretos" or "Plaintiffs"), bring this action to secure redress against unlawful, unfair, abusive, and deceptive business practices engaged in by Defendants, South Shore Nissan LLC ("Dealer") and Nissan Motor Acceptance Company LLC (the "Bank" and together with the Dealer, "Defendants") relating to a leased automobile transaction and alleges as follows:

## NATURE OF THIS ACTION

1.  In January 2022, with two children and a third on the way, Plaintiffs were in the market for a larger more suitable vehicle for their growing needs.

2.  Plaintiffs found for sale with the Dealer, a 2022 Nissan Pathfinder, Vehicle Identification Number 5N1DR3DK2NC228555 (the "Vehicle") at the advertised price of $51,540.00.

3.  The parties came to terms on Plaintiffs' lease of the Vehicle based upon a sale price of $52,795.84 with an upfront payment of $2,369.00. Soon after taking delivery of the Vehicle, Plaintiffs discovered that the Vehicle's sale price as stated in a written lease agreement,

had been grossly inflated from the $51,540.00 advertised sale price and the $52,795.84 agreed upon sale price, resulting in a much higher than agreed upon monthly lease payment.

4.     Because they were not provided with a copy of the proposed lease prior to consummation of the lease, as required by law, Plaintiffs learned of these lease terms only after the sale.

5.     Specifically, they were induced by the dealership to provide digital signatures via a "signature pad" and these signatures were affixed to documents (with inflated prices) that were only disclosed to Plaintiffs after the sale.

6.     In this action Plaintiffs seek relief against Defendants including, among other things, statutory and actual money damages for, *inter alia*, violations of the Consumer Leasing Act, 15 U.S.C. §§ 1667 *et seq.* ("CLA") and its implementing regulations, 12 C.F.R. § 1013 et seq. ("Regulation M"), New York General Business Law §§ 349 ("§349") and §350 (:§350"), the New York Motor Vehicle Retail Leasing Act (New York Personal Property, Article 9-A *et. seq*.) (the "New York Leasing Act") §§ 334 and 337, and common law fraud.

## PARTIES

7.     Plaintiffs, a married couple, are natural persons residing in Nassau County, New York.

8.     The Dealer, a car dealership, is a domestic corporation organized and existing under the laws of the State of New York with a place of business located at 200 Sunrise Highway, Amityville, NY 11701.

9.     The Bank is, upon information and belief, a foreign corporation that provides loan, lease, and commercial financing in the United States with offices located at 8900 Freeport Pkwy, Irving, TX 75063.

10. The Bank is, upon information and belief, the assignee of Plaintiffs' contracts with the Dealer and, as a result, is subject to all claims and defenses pursuant to federal and state law.

## FACTS

11. In January 2022, Plaintiffs found the Vehicle for sale with the Dealer at the advertised price of $51,540.00.

12. Upon Plaintiffs' inquiry, they were told by the Dealer that due to "supply and demand", the Dealer would not honor the advertised sale price but instead would agree to a sale price of $52,795.84. Plaintiffs agreed to lease the Vehicle based upon the agreed sale price of $52,795.84 with an upfront payment of $2,369.00.

13. Plaintiffs were first told by the Dealer that their monthly payments would be $869.00 and that to lock in the deal, they needed to make an initial deposit of that sum which would later be added back to the deal. Plaintiffs agreed and provided a credit card to which the Dealer charged the $869.00:



14. After charging Plaintiffs' credit card, the Dealer represented to Plaintiffs that it would not complete the transaction at $869.00 per month and that due to Plaintiffs' credit, the monthly payments would have to be $969.00.

15. Plaintiffs were then presented with an electronic signature pad. They were told to sign on the pad which would in turn input their signatures on all the necessary documents.

16. Plaintiffs were not directly presented with copies of the documents they purportedly electronically signed and were not given the opportunity to review these documents before signing the electronic signature pad.

17. The only documents that were physically presented to Plaintiffs and to which they affixed their wet ink signatures were a vehicle service agreement (which Plaintiffs did not ask for), an emissions control equipment form, a key remote replacement form and a theft deterrent protection product (which Plaintiffs did not ask for).

4

18. On their way out the door, Plaintiffs were told that copies of the documents were placed in the glovebox of their new Vehicle.

19. Later, Plaintiffs discovered that among the documents placed in the glovebox was a lease agreement (the "Lease"). Upon review of the Lease, Plaintiffs discovered that the sale price of the Vehicle was not $52,795.84 as agreed and instead had been inflated to $58,396.87.

a) **GROSS CAPITALIZED COST.** The agreed upon value of the Vehicle ($ 58,396.87 ) and any items you pay over the lease term such as taxes, fees, service contracts, insurance and any outstanding prior credit or lease balance. If you want an itemization of this amount, please see Section 8. $ 62,086.64

20. Together with taxes in the sum of $3,3039.377 and a $650.00 "Acquisition Fee", the Gross Capitalized Cost of the Vehicle as stated in the lease ballooned to $62,086.64.



8. ITEMIZATION OF GROSS CAPITALIZED COST

The following items you will pay over the lease term and are in your monthly payment:

| | | |
|---|---|---|
| a) Agreed upon value of the Vehicle | $ | 58,396.87 |
| b) Up-Front Sales Tax, if applicable | + | 3,039.77 |
| c) Title, License and Registration | + | N/A |
| d) Acquisition Fee | + | 650.00 |
| e) Service Contract(s) and/or Maintenance Contract(s) (See Section 11) | + | N/A |
| f) Credit Life and/or Disability Insurance (See Section 11) | + | N/A |
| g) Prior Credit or Lease Balance | + | N/A |
| h) N/A | + | N/A |
| i) N/A | + | N/A |
| j) N/A | + | N/A |
| k) N/A | + | N/A |
| l) N/A | + | N/A |
| m) Total Gross Capitalized Cost | = | 62,086.64 |

21. In a Vehicle lease, the lessee's monthly lease payment is calculated based, in part, on the gross capitalized cost. Here, because the gross capitalized cost was calculated using an inflated agreed upon value of the Vehicle, Plaintiffs' monthly lease payments were also inflated.

22. Upon information and belief, at all relevant times the Dealer and the Bank acted as agents for one another, each acting within the course and scope of their agency.

5

23. The unlawful actions described herein harmed Plaintiffs.

24. Plaintiffs have suffered economic and pecuniary damages as a result of the Dealer's conduct.

25. Plaintiffs have also suffered compensable actual damages for emotional distress in the form of significant stress, aggravation and anxiety with regard to the Dealer's fraud.

26. The stress and anxiety caused by the Dealers' fraud has significantly and negatively impacted Plaintiffs' quality of life, from the time of the transaction to the present.

27. But for the Dealers' omissions and misrepresentations, Plaintiffs would never have proceeded with the lease as they had no desire to lease the Vehicle at the cost reflected in the Lease.

28. Had the Dealer allowed the Plaintiffs the opportunity to review the Lease, they would not have signed it as it did not reflect the agreed upon terms.

29. To the extent any Respondent herein is not liable in its own right, said Respondent is liable as an assignee or agent (*e.g.*, pursuant to the FTC Holder Rule and/or state law).

30. As a result of the misconduct set forth herein, Plaintiffs have suffered pecuniary harm, emotional distress, acute stress/anxiety, pain and suffering. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### FIRST CAUSE OF ACTION
### VIOLATION OF CLA
(15 U.S.C. § 1601 *et. seq.*)

31. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

6

32. Defendants are lessors under 15 U.S.C. § 1667(3), because they regularly engage in leasing, offering to lease, and arranging to lease under consumer leases.

33. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

34. The CLA and Regulation M require that disclosures in a consumer lease be made in a clear and conspicuous manner prior to consummation of the lease.

35. Defendants violated 15 U.S.C. § 1667a and 12 C.F.R. § 213.4 by failing to provide accurate disclosures required by the CLA and Regulation M, prior to the consummation of Plaintiffs' lease agreement with the Dealer.

36. Defendants failed to timely provide Plaintiffs with a copy of written disclosures of the terms of the credit agreement as required under the CLA and Regulation M.

37. Defendants failed to provide Plaintiffs with clear and conspicuous disclosures of the terms of the subject transaction as required under CLA and Regulation M.

38. Pursuant to the CLA and Regulation M, a Lessor must provide a lessee with a materially accurate disclosure of, *inter alia*, the amount owed at inception, the amount of each monthly payment, the total amount of all periodic payments, all other charges (itemized by type and amount), the total of all payments, a payment calculation including accurate disclosure of the gross capitalized cost (ie the agreed upon value of the vehicle), the adjusted capitalized cost, the vehicle's residual value, the rent charges, the lease payments, etc.

39. In this instance, due to Defendants inflation of the advertised and agreed upon prices, all of these material terms were inaccurate. *See,* e.g. 15 U.S.C. § 1667a and 12 C.F.R. 1013.4.

40. For all these reasons, Defendants are liable under CLA and Regulation M for statutory damages, actual damages, attorneys' fees, litigation expenses and costs, and for such other or further relief as deemed appropriate.

**SECOND CAUSE OF ACTION**
**<u>DECEPTIVE TRADE PRACTICES</u>**
(N.Y. Gen. Bus. Law § 349)

41. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

42. Plaintiffs are each a person within the meaning of N.Y. Gen. Bus. Law §349(h) who has been injured by reason of the deceptive acts or practices of Defendants.

43. Each of the deceptive acts and practices set forth herein constitute violations of NYGBL §349 independent of whether these acts and practices constitute violations of any other law.

44. Each of these actions were consumer oriented and involve misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

45. Specifically, upon information and belief, among other things, Defendants routinely have consumers sign automobile lease, sale, purchase and finance agreements, by use of electronic signature pads, without allowing an opportunity to review the contents of those documents as in Plaintiffs' case.

46. Additionally, upon information and belief, among other things, Defendants routinely inflate and hide the true cost of borrowing and leasing from consumers.

47. Defendants' conduct, statements and omissions were materially misleading.

48. These deceptive acts and practices were committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

49. As a result of these violations of §349, Plaintiffs have suffered pecuniary and non-pecuniary harm.

50. Upon information and belief, Defendants' violations were willful, knowing and committed in bad faith.

51. For these reasons, Plaintiffs are entitled to actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorneys' fees pursuant to §349, and declaratory judgment that Defendants' practices are deceptive as defined under §349.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LEASING ACT
(New York Leasing Act §337(5))

52. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

53. Plaintiffs are retail lessees as defined in NY Pers Prop L § 331, in that they, are natural persons who leased a motor vehicle from a retail lessor primarily for personal, family or household use and who executed a retail lease agreement in connection therewith.

54. Defendants are retail lessors as defined in NY Pers Prop L § 331, in that they regularly engage in the business of leasing or selling motor vehicles who leases a motor vehicle to a retail lessee under or subject to a retail lease agreement.

55. The Lease is a retail lease agreement as defined in NY Pers Prop L § 331, in that it is an agreement, entered into in the State of New York, for the lease of a motor vehicle by a retail lessee for a scheduled term exceeding four months.

56. The New York Leasing Act expressly incorporates all CLA disclosure requirements, providing, in addition to all of its other requirements that "[a]ll items required to

9

be disclosed by the act of Congress entitled 'Consumer Leasing Act of 1976' and the regulations thereunder, as such act and regulations may from time to time be amended; […] shall be made in all leasing transactions covered by this article regardless of the exemption in the "Consumer Leasing Act of 1976" for lease transactions in which the total contractual obligation exceeds twenty-five thousand dollars." (NY Pers Prop L § 337(5)(a)).

57. The total contractual obligation under the Lease at issue here exceeds twenty-five thousand dollars.

58. As set forth above, Defendants violated numerous CLA provisions.

59. As set forth above, the Lease was in gross violation of CLA's requirements.

60. The violations set forth herein were both knowing and willful.

61. Defendants had ample opportunities to correct the violations but failed to do so.

62. For all of the reasons stated herein, under NY Pers Prop L § 346, Plaintiffs are entitled to recovery of actual damages, a civil penalty of one hundred dollars, the costs of this action and Plaintiffs' reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
### FALSE ADVERTISING
(N.Y. Gen. Bus. Law § 350)

63. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

64. Pursuant to General Business Law §350-a(1), the term "false advertising" means advertising if such advertising is misleading in a material respect.

65. Defendants engaged in unlawful "false advertising" prohibited under General Business Law §350-a(1) by making representations, either by statement, word, design, device, sound or any combination thereof, to Plaintiff and the public -- online and on the dealership lot,

that were materially misleading including, but not limited to, that the sale price of the Vehicle was thousands of dollars less than the price it eventually charged.

66. This false advertising was committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

67. Defendants' false advertising was done knowingly and willfully and committed in bad faith.

68. Defendants' advertising was misleading in a material respect by failing to reveal that the advertised sale price of $51,540.00 would not be honored.

69. As a result of Defendants' false advertising, Plaintiff has been injured and seeks actual damages, three times the actual damages up to $10,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 350 as well as declaratory judgment that Defendants' practices are false advertising pursuant to General Business Law §350-a.

## FIFTH CAUSE OF ACTION
(Common Law Fraud)

70. Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

71. Upon information and belief, Defendants intentionally and fraudulently concealed from Plaintiffs that the terms of the Lease would be changed from that agreed upon and hidden from Plaintiffs.

72. As part of this fraudulent scheme, upon information and belief, Defendants intentionally and fraudulently hid from Plaintiffs the gross capitalized cost and the resulting inflated monthly lease payments.

73. Plaintiffs justifiably relied upon each of Defendants' misrepresentations of material facts, as a result of which they sustained losses and damages.

11

74. Had Plaintiffs not been misled by Defendants, they never would have agreed to lease the Vehicle and would not have incurred the expenses and the debts associated with the lease.

75. The acts, conduct, and behavior of Defendants were performed knowingly, intentionally, and malicious.

76. As a result of Plaintiffs' reasonable reliance upon Defendants' misrepresentations, Plaintiffs have been damaged in an amount to be determined at trial and are entitled to actual and punitive damages, attorneys fees, and costs and expenses.

**WHEREFORE**, Plaintiffs respectfully requests this Court to enter judgment in their favor and grant the following relief:

1. **On the First Cause of Action:**

    Judgment in favor of Plaintiffs and against Defendants for violating the CLA and Regulation M, awarding (a) statutory damages, (b) costs; (c) reasonable attorneys' fees, (d) punitive damages, and (e) declaratory judgment that Defendants' practices complained of herein violate CLA and Regulation Z;

2. **On the Second Cause of Action:**

    Judgment in favor of Plaintiffs and against Defendants for actual and statutory damages, exemplary and punitive damages, attorney's fees and costs and declaratory judgment that Defendants' practices violate §349;

3. **On the Third Cause of Action:**

    Judgment in favor of Plaintiffs and against Defendants for violating the New York Leasing Act awarding (a) actual damages, (b) statutory damages; (c) costs, and (d) reasonable attorneys' fees;

4. **On the Fourth Cause of Action:**

    Judgment in favor of Plaintiff and against Defendants for violating NYGBL §350 awarding (a) actual damages, (b) three times the actual damages up to $10,000.00, and (c) costs and reasonable attorneys' fees;

5. **On the Fifth Cause of Action:**

   Judgment in favor of Plaintiffs and against Defendants awarding all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiffs are entitled; and

6. And for such other and further relief as deemed appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: New York, New York
August 29, 2022

**THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiffs*

By: */s/ Robert J. Nahoum*
Robert J. Nahoum
48 Burd Street, Suite 300
Nyack, NY 10960
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com

By: */s/ Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group, LLP
80 Broad Street, Suite 1301
New York, NY 10004
Telephone No.: (212) 500-6114
Facsimile No.: (646) 612-7996
Email: dschlanger@consumerprotection.net